UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NICHOLAS T. ZERVAS,

    Plaintiff,

vs.

BAYER AG, BAYER CORP.,
GLAXOSMITHKLINE, PLC, and
SMITHKLINE BEECHAM CORP.,

    Defendants

Civ. A. No.

**COMPLAINT**
(Jury Trial Demanded)

PARTIES

1. The plaintiff, Nicholas T. Zervas, M.D., is a citizen of Massachusetts. He is a former Higgins Professor of Neurosurgery at Harvard Medical School and Senior Attending Neurosurgeon at Massachusetts General Hospital. Dr. Zervas is a graduate of Harvard College and the University of Chicago Medical School and is a board-certified neurosurgeon.

2. The defendant, Bayer AG, is a joint-stock company organized under the laws of Germany with its principal place of business in Germany.

3. The defendant, Bayer Corp., is a corporation incorporated under the laws of Indiana with its principal place of business in Pennsylvania.

4. The defendant, GlaxoSmithKline, plc, is a public limited company organized under the laws of Great Britain with its principal place of business in England.

5. The defendant, SmithKline Beecham Corp., is a corporation incorporated under the laws of Pennsylvania with its principal place of business in Pennsylvania.

## JURISDICTION

6. The matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).

## FACTS

7. Bayer AG manufactures cerivastatin sodium, a drug that is marketed in the United States under the trademark Baycol.

8. Bayer Corp. marketed and distributed Baycol in the United States.

9. GlaxoSmithKline, plc and SmithKline Beecham Corp. also marketed and distributed Baycol in the United States pursuant to agreements with Bayer.

10. Baycol is one of a class of drugs known as statins.

11. Statins act in the body by inhibiting an enzyme that plays a role in the production of cholesterol, thereby lowering the levels of cholesterol in the body.

12. Because cholesterol, particularly LDL cholesterol, is associated with high blood pressure and heart disease, statins are commonly prescribed, along with diet and other measures, for the treatment of those diseases.

13. Prior to distributing and marketing Baycol to the general public, the defendants knew that Baycol caused rhabdomyolysis, as well as other diseases and disorders of the muscle.

14. The defendants failed to withdraw Baycol from the market or to warn users, despite their knowledge of the drug's causal link with rhabdomyolysis and other diseases and disorders of the muscle.

15. Indeed, even after they became aware of the link between rhabdomyolysis and other diseases and disorders of the muscle and Baycol, they sought approval from the FDA of higher dosages for Baycol.

16. The defendants misrepresented the dangers of Baycol by assuring physicians and their patients that Baycol was safe and effective when used as directed.

17. Dr. Zervas has suffered severe pain suffering and disability in both lower extremities as a direct result of his use of Baycol. In addition, Dr. Zervas sustained significant economic loss as a direct result of his use of Baycol.

18. Had Dr. Zervas been informed of the risks and dangers associated with Baycol, he would not have purchased or ingested Baycol.

## COUNT ONE
(Breach of Implied Warranty of Merchantability)

19. The plaintiff incorporates the allegations of paragraphs 1-18.

20. The defendants manufactured or sold Baycol.

21. Baycol was unreasonably dangerous or unsuited for ordinary use at the time it left the defendants' hands because of a defect.

22. Dr. Zervas was using Baycol in an intended or reasonably foreseeable manner when he was injured.

23. The defect in Baycol was a legal cause of Dr. Zervas's injuries.

## COUNT TWO
(Failure to Warn)

24. The plaintiff incorporates the allegations of paragraphs 1-23.

25. The defendants had a duty to warn users of Baycol and prescribing physicians of dangers associated with the use of Baycol of which they knew or should have known.

26. The defendants knew or should have known that Baycol was associated with a heightened danger of rhabdomyolysis.

27. The defendants breached their duty.

28. The defendants' breach of their duty was a legal cause of Dr. Zervas's injuries.

## COUNT THREE
(Negligent Design)

29. The plaintiff incorporates the allegations of paragraphs 1-28.

30. The defendants had a duty to use reasonable care to eliminate foreseeable dangers that subject users of Baycol to an unreasonable risk of harm.

31. The defendants breached their duty to Dr. Zervas.

32. The defendants' breach was the proximate cause of Dr. Zervas's injuries.

## COUNT FOUR
(Violation of G.L. c. 93A, §§ 2 and 9)

33. The plaintiff incorporates the allegations of paragraphs 1-32.

34. At all times relevant to this action, the defendants acted in trade or commerce.

35. The defendants' breach of the implied warranty of merchantability is an unfair or deceptive act in trade or commerce.

36. The defendants' unfair or deceptive acts and practices were willful or knowing.

37. The defendants' unfair or deceptive acts and practices were a legal cause of Dr. Zervas's injuries.

38. Dr. Zervas has complied with the provisions of G.L. c. 93A, § 9(3) requiring a written demand for relief more than thirty days prior to commencement of this action.

## PRAYER FOR JUDGMENT

Wherefore the plaintiff demands judgment against the defendants, jointly and severally, for the following relief:

1. Compensatory damages in an amount to be determined at trial;

2. Treble damages;

3. His reasonable attorney's fees;

4. His costs; and

5. Such other relief to which he is entitled.

### DEMAND FOR TRIAL BY JURY

The plaintiff demands trial by jury on all issues.

Respectfully submitted,

NICHOLAS T. ZERVAS, M.D.

By his attorneys,

Timothy P. O'Neill (BBO No. 379715)
Michael R. Perry (BBO No. 555300)
Theodore J. Folkman (BBO No. 647642)
HANIFY & KING, P.C.
One Beacon Street
Boston, Massachusetts 02108
(617) 423-0400

Dated: 2/27/04

395743