## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS T. ZERVAS,<br>                         Plaintiff,<br>    vs.<br>BAYER AG, BAYER CORP.,<br>GLAXOSMITHKLINE, PLC, and<br>SMITHKLINE BEECHAM CORP.,<br><br>                       Defendants | Civ. A. No. 04 10396 MLW<br><br>*(Pending Transfer to In Re: Baycol Products Liability Litigation, MDL No. 1431 (D. Minn.))* |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT SMITHKLINE BEECHAM CORPORATION D/B/A
### GLAXOSMITHKLINE TO PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline (hereinafter "GSK") responds to the allegations of plaintiff's Complaint and Jury Trial Demand (hereinafter "Complaint") as set forth below. GSK further states that to the extent the Complaint contains allegations directed to GlaxoSmithKline plc, or any other party, either explicitly or otherwise, no answer is required by GSK and no response by GSK shall be deemed to be a response to allegations directed to GlaxoSmithKline plc.

### RESPONSE REGARDING THE PARTIES

1.    GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2.    The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK.

3.    The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK.

4. The allegations of this paragraph are directed to another defendant and therefore require no response from GSK. However, GSK admits that GlaxoSmithKline plc is a British public limited company headquartered in the United Kingdom. GSK specifically denies that GlaxoSmithKline plc had any involvement with the matters alleged in plaintiff's Complaint.

5. GSK admits that it is a Pennsylvania corporation with its headquarters in Pennsylvania.

## RESPONSE REGARDING JURISDICTION

6. The allegations of this paragraph are legal conclusions and therefore require no response from GSK.

## RESPONSE TO ALLEGATIONS REGARDING THE FACTS

7. The allegations of this paragraph are legal conclusions and/or are directed to another defendant, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that cerivastatin sodium was marketed in the United States under the brand name Baycol. Any remaining or inconsistent allegations directed to GSK are denied.

8. The allegations of this paragraph are directed to another defendant, and therefore require no response from GSK.

9. GSK admits only that, pursuant to a co-promotion agreement between SmithKline Beecham Corporation and Bayer originally signed in July 1997, it participated in the marketing/promotion of Baycol in the United States. The remaining allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. Any remaining or inconsistent allegations directed to GSK are denied.

10. GSK admits that Baycol is one of several prescription drugs generally included within the class of drugs known as statins.

11. GSK admits that Baycol is one of several prescription drugs generally included within the class of drugs known as statins, in that Baycol blocks the activity of an enzyme that is involved in the production of cholesterol in the liver. GSK further admits that Baycol has been prescribed at various times by learned intermediaries who, in the exercise of their independent medical judgment, determined that Baycol was an appropriate therapy to help certain patients achieve a reduction of their LDL cholesterol and triglyceride levels. Any remaining or inconsistent allegations directed to GSK are denied.

12. GSK admits that Baycol has been prescribed at various times by learned intermediaries who, in the exercise of their independent medical judgment, determined that Baycol was an appropriate therapy to help certain patients achieve a reduction of their LDL cholesterol and triglyceride levels. GSK denies the allegations of this paragraph to the extent they are inconsistent with the current state of medical knowledge regarding statins and/or cholesterol.

13. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits only that there is a known increased risk of rhabdomyolysis associated with all statins, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

14. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this

paragraph are factual and are directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

15.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries. Any remaining or inconsistent allegations directed to GSK are denied.

16.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

17.     The allegations of this paragraph are legal conclusions and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK admits that plaintiff alleges certain injuries and seeks recovery as described, but denies that plaintiff's claims for relief can or should be granted as a matter of law, and denies that GSK is in any way liable to plaintiff. Any remaining or inconsistent allegations directed to GSK are also denied.

18.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries, and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Further, GSK is without knowledge or information sufficient to form a belief as to the truth of these allegations as they relate to plaintiff's conduct or state of mind.  Any remaining or inconsistent allegations directed to GSK are also denied.

**RESPONSE TO ALLEGATIONS REGARDING COUNT ONE**
**(Breach of Implied Warranty of Merchantability)**

19.     GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

20.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

21.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

22.     The allegations of this paragraph are legal conclusions and therefore require no response from GSK.  To the extent the allegations of this paragraph are factual, GSK states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

23.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT TWO
**(Failure to Warn)**

24.     GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

25.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties.  GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are also denied.

26.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that Baycol was marketed consistent with its FDA license and approved labeling for prescription by learned intermediaries and that in connection with such activity it communicated adequate risk information to physicians based on knowledge reasonably available to GSK. Any remaining or inconsistent allegations directed to GSK are denied.

27.     The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

28. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT THREE
**(Negligent Design)**

29. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

30. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, GSK states that it was subject only to those duties imposed by applicable law, and denies this paragraph to the extent it suggests any different or greater duties. GSK further denies that it failed to abide by any applicable legal duties. Any remaining or inconsistent allegations directed to GSK are also denied.

31. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

32. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT FOUR
**(Violation of G.L. c. 93A, §§ 2 and 9)**

33. GSK incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

34. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK.

35. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

36. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

37. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, they are denied.

38. The allegations of this paragraph are legal conclusions and/or are directed to other defendants, and therefore require no response from GSK. To the extent the allegations of this paragraph are factual and are directed to GSK, it is denied that GSK violated, or that plaintiff has any claim against GSK based on, any statute, regulation, or other legal theory. Any remaining or inconsistent allegations directed to GSK are also denied.

## RESPONSE TO PRAYER FOR JUDGMENT

WHEREFORE, defendant GSK requests that this Court enter a judgment in its favor and against plaintiff, award GSK its costs and expenses incurred in this matter, and grant GSK such other relief as the Court may deem just and proper.

## JURY DEMAND

GSK demands a trial by jury of all issues so triable in this case.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim against GSK in whole or in part upon which relief can be granted.

2. Plaintiff's claims have been improperly joined in a single lawsuit. The defendant requests severance of all improperly joined claims.

3. Venue is improper as to some or all of the claims herein.

4. Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Baycol.

5. At all times material to plaintiff's allegations, GSK's conduct with respect to Baycol conformed to the state of the art.

6. Plaintiff's alleged injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of GSK or any defect attributable to Baycol, and plaintiff's claims are therefore barred.

7. Plaintiff's injuries, if any, were caused in whole or in part by the acts or omissions of others for whose conduct GSK is not responsible, and/or resulted from conditions unrelated to any conduct of GSK.

8. On information and belief, plaintiff's alleged injuries or damages, if any, were the result of misuse of Baycol.

9. Plaintiff's claims for breach of warranty are barred by the absence of privity of contract between plaintiff and GSK.

10. Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

11. Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability §402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

12. On information and belief, the alleged injuries to the plaintiff, if any, were caused in whole or in part by the doctrine of contributory and/or comparative negligence. Plaintiff's damages, if any, must therefore be reduced proportionately or altogether barred.

13. Any express or implied warranties alleged to have been made by GSK were disclaimed.

14. On information and belief, plaintiff's damages are barred or reduced by the doctrine of assumption of risk.

15. On information and belief, plaintiff has failed to mitigate his damages.

16. On information and belief, plaintiff's damages are barred or reduced by the doctrine of avoidable consequences.

17. Plaintiff's claims are barred because GSK complied with the applicable statutes and with the requirements and regulations of the United States Food and Drug Administration ("FDA").

18. Plaintiff is barred from recovering against GSK because plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by applicable federal law, including the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq.

19. To the extent plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to <u>Buckman Co. v. Plaintiffs' Legal Committee</u>, 531 U.S. 341 (2001).

20. Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction; the FDA is charged under the law with regulating prescription drugs, including Baycol, and is specifically charged with determining the content of warnings and labeling for prescription drugs.

21. Plaintiff's claims are barred by the applicable provisions of the Massachusetts Constitution.

22. Plaintiff's alleged injuries and damages may have been the result of an independent, intervening, and/or superseding cause. Any alleged action or alleged omission on the part of GSK was not the proximate cause of plaintiff's alleged damages.

23. Plaintiff's claims are barred pursuant to the Sophisticated Use and/or Learned Intermediary Doctrine.

24. Any recovery by plaintiff must be reduced or offset by amounts plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

25. Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations or repose, or by operation of laches.

26. Plaintiff's claims are barred because GSK did not owe any legal duty to plaintiff, or, if GSK did owe such a legal duty, GSK did not breach that duty.

27. Some of plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States and/or the Constitution of the State of Massachusetts, and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

28. There is no causal relationship between GSK or its activities described in the Complaint and any injuries or damages allegedly sustained by plaintiff.

29.     While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff has not satisfied the requirements under M.G.L. c. 93A § 9.

30.     Plaintiffs' demand letter to Defendants did not satisfy the requirements under M.G.L. c. 93A § 9.

31.     Plaintiffs' filed their Complaint containing their claims under M.G.L. c. 93A § 9 less than thirty (30) days after sending a purported demand letter to Defendants.

32.     While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because the representations, actions and omissions alleged by plaintiff do not constitute deceptive acts or practices, and were not intended to deceive the plaintiff.

33.     While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovering attorneys fees or double or treble damages under M.G.L. c. 93A because GSK's alleged actions were not performed willfully or knowingly.

34.     While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because the representations, actions and omissions on which he relied did not occur primarily and substantially in the Commonwealth of Massachusetts.

35.     Applicable choice-of-law rules preclude the application of M.G.L. c. 93A to plaintiff's claims.

36.     While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because GSK's actions complied with all applicable federal and state laws.

37. Any claim for punitive damages cannot be sustained because, under Massachusetts law, a jury verdict or a judgment awarding punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards that assure that the award of punitive damages is rational in its imposition and reasonable in amount, which violates GSK's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

38. Consideration of any punitive damages in this civil action would violate the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by allowing standardless discretion to the jury to determine punishment and by depriving GSK of prior notice of the consequences of its alleged acts.

39. Punitive damages are a punishment, a quasi-criminal sanction for which GSK has not been afforded the specific procedural safeguards prescribed in the Massachusetts Constitution and the Fifth and Sixth Amendments to the United States Constitution.

40. Any claim for punitive damages cannot be sustained because due process demands that the standard of liability for determining whether punitive damages are warranted requires that defendants have participated in intentionally malicious conduct or have actual knowledge of malicious conduct, and Massachusetts law does not provide such an instruction in violation of GSK's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

41. Any claim for punitive damages cannot be sustained because Massachusetts law permits the application of joint and several liability for punitive damages, which violates GSK's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

42. With respect to plaintiff's demand for punitive damages, GSK specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of <u>BMW of North America v. Gore</u>, 116 U.S. 1589 (1996), <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S.Ct. 1513 (U.S. 2003).

43. GSK denies each and every allegation of the Complaint that is not specifically admitted herein.

44. GSK adopts and incorporates by reference any and all affirmative defenses asserted by other defendants in this lawsuit to the extent such affirmative defenses are not raised herein and are consistent with the defenses raised by GSK.

45. GSK hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, defendant GSK, having fully answered, requests that this Court enter a judgment in its favor and against plaintiff, and award GSK its costs and expenses, including attorneys' fees incurred in this matter, and grant such other relief as the Court may deem just and proper.

Dated: April 1, 2004

        DECHERT LLP

        By: _____
           Timothy C. Blank (BBO No. 548670)
           Amber R. Anderson (BBO No. 647566)
        200 Clarendon Street, 27th Floor
        Boston, MA 02116
        (617) 728-7116

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing Answer and Affirmative Defenses of Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline to be served by first class mail, postage pre-paid upon the following:

>
> Timothy P. O'Neill
> Michael R. Perry
> Theodore J. Folkman
> HANIFY & KING, P.C.
> One Beacon Street
> Boston, MA 02018
>
> Counsel for Bayer
> Lory Barsdate Easton
> Sidley, Austin, Brown & Wood
> Bank One Plaza
> 10 South Dearborn Street
> Chicago, Illinois 60603

This the 1st day of April, 2004.

_____
Amber R. Anderson