UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS T. ZERVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 04-10396-MLW |
| BAYER AG, BAYER CORPORATION, ) | (pending transfer to In Re Baycol |
| GLAXOSMITHKLINE, PLC, and ) | Products Liability Litigation, |
| SMITHKLINE BEECHAM CORP., ) | MDL No. 1431 (D. Minn.)) |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT BAYER CORPORATION

Defendant Bayer Corporation ("Bayer"), by its attorneys, hereby answers plaintiff Nicholas T. Zervas's ("Plaintiff") Complaint filed against it in the above-captioned action as follows:

1. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Bayer admits that Bayer AG is a German corporation with its principal place of business in Germany. Bayer denies the remaining allegations contained in Paragraph 2 of the Complaint. For a further response, Bayer states that, to the extent that the Complaint contains allegations that are directed to Bayer AG by use of the term "defendants" or otherwise, no response is required by Bayer. Bayer therefore makes no response in this Answer to allegations that are directed to Bayer AG.

3.  Bayer admits that Bayer is an Indiana corporation with its principal place of business in Pennsylvania. Bayer denies any remaining allegations contained in Paragraph 3 of the Complaint.

4.  Bayer admits, on information and belief, that GlaxoSmithKline plc is an English public limited company with its principal place of business in England. Bayer denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.  Bayer admits, on information and belief, that SmithKline Beecham Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania. Bayer denies any remaining allegations contained in Paragraph 5 of the Complaint.

6.  Bayer states that the allegations contained in Paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent that Paragraph 6 is deemed to contain factual allegations, Bayer is without information sufficient to form a belief to the truth of the allegations contained in Paragraph 6, except that Bayer denies that Plaintiff is entitled to any relief.

7.  Bayer denies the allegations contained in Paragraph 7 of the Complaint.

8.  Bayer admits that, prior to August 8, 2001, Bayer marketed and distributed Baycol® in the United States. Bayer denies any remaining allegations contained in Paragraph 8 of the Complaint.

9.  Bayer admits that, in July 1997, Bayer entered into an agreement with SmithKline Beecham Corporation regarding Baycol®, and that, prior to August 8, 2001, SmithKline Beecham Corporation d/b/a GlaxoSmithKline participated in the promotion of Baycol® in the United States. Bayer denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Bayer admits that Baycol® is one of several drug products generally included within the class of drug products known as statins. Bayer denies any remaining allegations contained in Paragraph 10 of the Complaint.

11. Bayer admits that statins lower LDL cholesterol by blocking the activity of an enzyme that is involved in the production of cholesterol in the liver. Bayer denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Because of the vagueness and ambiguity of the allegations contained in Paragraph 12, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

13. Bayer denies the allegations contained in Paragraph 13 of the Complaint.

14. Bayer denies the allegations contained in Paragraph 14 of the Complaint.

15. Bayer admits that it was aware of the potential risk of rhabdomyolysis associated with the use of Baycol®, and Bayer provided appropriate warnings regarding that potential risk. Bayer further admits that the United States Food and Drug Association (the "FDA") approved Bayer's applications to market the 0.4 mg and 0.8 mg doses of Baycol® in the United States. Bayer denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Bayer admits that, prior to August 8, 2001, it marketed Baycol® as safe and effective for use according to prescribing information and under the care of a physician or other health care provider. Bayer denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Bayer denies the allegations contained in Paragraph 17 of the Complaint.

18. Bayer denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT ONE

19.  In response to Paragraph 19 of the Complaint, Bayer repeats and incorporates by reference its responses to Paragraphs 1-18 of the Complaint, *supra*.

20.  Bayer admits that, prior to August 8, 2001, Bayer AG manufactured cerivastatin sodium, and that, prior to August 8, 2001, Bayer sold Baycol® in the United States. Bayer denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.  Bayer denies the allegations contained in Paragraph 21 of the Complaint.

22.  Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, except that Bayer denies that Plaintiff suffered any injuries as a result of the use of Baycol® as sold by Bayer.

23.  Bayer denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT TWO

24.  In response to Paragraph 24 of the Complaint, Bayer repeats and incorporates by reference its responses to Paragraphs 1-23 of the Complaint, *supra*.

25.  Bayer states that Paragraph 25 of the Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that Paragraph 25 is deemed to contain factual allegations, Bayer denies that it violated any duties relating to Baycol®, and denies that Baycol® as sold by Bayer was associated with any dangers, as alleged in the Complaint. Because of the vagueness and ambiguity of the remaining allegations contained in Paragraph 25, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

26.  Bayer denies the allegations contained in Paragraph 26 of the Complaint.

27.  Bayer denies the allegations contained in Paragraph 27 of the Complaint.

28.   Bayer denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT THREE

29.   In response to Paragraph 29 of the Complaint, Bayer repeats and incorporates by reference its responses to Paragraphs 1-28 of the Complaint, *supra*.

30.   Bayer states that Paragraph 30 of the Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that Paragraph 30 is deemed to contain factual allegations, Bayer denies that it violated any duties relating to Baycol®, denies that Baycol® as sold by Bayer was dangerous, and denies that users of Baycol® were subject to an unreasonable risk of harm, as alleged in the Complaint. Because of the vagueness and ambiguity of the remaining allegations contained in Paragraph 30, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

31.   Bayer denies the allegations contained in Paragraph 31 of the Complaint.

32.   Bayer denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT FOUR

33.   In response to Paragraph 33 of the Complaint, Bayer repeats and incorporates by reference its responses to Paragraphs 1-32 of the Complaint, *supra*.

34.   Bayer admits that, prior to August 8, 2001, Bayer AG manufactured cerivastatin sodium, Bayer marketed and sold Baycol® in the United States, and SmithKline Beecham Corporation d/b/a GlaxoSmithKline participated in the promotion of Baycol® in the United States. Because of the vagueness and ambiguity of the remaining allegations contained in Paragraph 34 of the Complaint, Bayer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

35.   Bayer denies the allegations contained in Paragraph 35 of the Complaint.

36. Bayer denies the allegations contained in Paragraph 36 of the Complaint.

37. Bayer denies the allegations contained in Paragraph 37 of the Complaint.

38. Bayer states that Paragraph 38 of the Complaint sets forth various legal conclusions to which no response by Bayer is required. To the extent that Paragraph 38 is deemed to contain factual allegations, Bayer admits that it received from Plaintiff's counsel a letter dated January 23, 2004, which references a "Demand For a Written Tender of Settlement, Mass. Gen. Laws c. 93A, § 9", but Bayer denies that Plaintiff has provided information sufficient for Bayer to evaluate Plaintiff's alleged injuries and damages, despite Bayer's request for such information. Bayer denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Bayer denies each and every allegation in the Complaint that relates or is directed to Bayer unless such allegations are expressly admitted in this Answer.

### First Additional Defense

Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim against Bayer upon which relief can be granted.

### Second Additional Defense

Some or all of Plaintiff's claims against Bayer are barred by applicable statutes of limitations and/or repose.

### Third Additional Defense

Plaintiff's claims against Bayer are barred by the doctrines of laches, waiver and/or estoppel.

### Fourth Additional Defense

Plaintiff's claims against Bayer are barred, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

### Fifth Additional Defense

If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Bayer, whether named or unnamed in Plaintiff's Complaint, over whom Bayer had no supervision or control and for whose actions and omissions Bayer has no legal responsibility. Plaintiff's recovery, if any, therefore should be apportioned in accordance with the applicable law.

### Sixth Additional Defense

The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries and damages.

### Seventh Additional Defense

If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff. Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

### Eighth Additional Defense

Baycol® is a prescription pharmaceutical which was available only upon the prescription of a licensed physician, and persons other than Bayer, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediary between

Bayer and Plaintiff. The claims in the Complaint against Bayer accordingly are barred in whole or in part by the learned intermediary doctrine.

### Ninth Additional Defense

Plaintiff's recovery is barred and/or should be reduced under the applicable law because of Plaintiff's contributory negligence and/or contributory fault.

### Tenth Additional Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Bayer in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of the prescription drug Baycol®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the product was designed, manufactured, marketed and sold in a reasonable and prudent manner based upon available medical and scientific knowledge.

### Eleventh Additional Defense

Plaintiff's claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

### Twelfth Additional Defense

The prescription drug Baycol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration (the "FDA"). Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.

### Thirteenth Additional Defense

Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

### Fourteenth Additional Defense

If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Baycol®.

### Fifteenth Additional Defense

Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

### Sixteenth Additional Defense

The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer.

### Seventeenth Additional Defense

Plaintiff's Complaint fails to state a claim against Bayer upon which relief can be granted for several or joint and several liability.

### Eighteenth Additional Defense

Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

### Nineteenth Additional Defense

Plaintiff's Complaint fails to state a claim against Bayer upon which relief can be granted as to treble damages, costs, and attorneys' fees.

### Twentieth Additional Defense

Plaintiff's claims are barred in whole or in part because the commercial speech relating to Baycol® was not false or misleading and is protected under the First Amendment of the United States Constitution and Article 16 of the Massachusetts Declaration of Rights.

### Twenty-First Additional Defense

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

### Twenty-Second Additional Defense

Plaintiff cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

### Twenty-Third Additional Defense

This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

### Twenty-Fourth Additional Defense

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### Twenty-Fifth Additional Defense

Plaintiff did not detrimentally rely on any labeling, warnings or information concerning Baycol®.

### Twenty-Sixth Additional Defense

Plaintiff's alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Bayer could not reasonably foresee.

### Twenty-Seventh Additional Defense

Bayer adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer's defenses pleaded in this Answer.

### Twenty-Eighth Additional Defense

Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

### Twenty-Ninth Additional Defense

Bayer did not sell or distribute the prescription drug Baycol® directly to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiff's claims are barred by lack of privity between Plaintiff and Bayer.

### Thirtieth Additional Defense

Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable provisions of the Massachusetts Uniform Commercial Code, Mass. Gen. Laws c. 106, §§ 1-101 *et seq.*

### Thirty-First Additional Defense

Plaintiff's purported allegations of deception and misrepresentation do not comply with Rule 9(b) of the Federal Rules of Civil Procedure.

### Thirty-Second Additional Defense

Plaintiff's Complaint fails to state a claim for deception and/or misrepresentation.

### Thirty-Third Additional Defense

Plaintiff's Complaint fails to state a claim for unlawful conduct under Mass. Gen. Laws c. 93A because Bayer completely complied with the applicable law in connection with the marketing and sale of Baycol®.

### Thirty-Fourth Additional Defense

Plaintiff's Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under Mass. Gen. Laws c. 93A because Bayer's labeling and advertising for Baycol® was not misleading, unfair or deceptive.

### Thirty-Fifth Additional Defense

Plaintiff's claims are barred in whole or in part because Mass. Gen. Laws c. 93A is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Articles 1, 10 and 12 of the Massachusetts Declaration of Rights.

### Thirty-Sixth Additional Defense

Plaintiff's claims are barred in whole or in part because Mass. Gen. Laws c. 93A unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

### Thirty-Seventh Additional Defense

To the extent Plaintiff's Complaint sets forth a claim pursuant to Mass. Gen. Laws c. 93A, such claim fails because Plaintiff has not satisfied the statutory procedural requirements.

### Thirty-Eighth Additional Defense

To the extent Plaintiff's Complaint sets forth a claim pursuant to Mass. Gen. Laws c. 93A, such claim fails because the letter from Plaintiff's counsel to Bayer dated January 23, 2004 is inadequate and fails to comply with the statutory requirements, and because, despite Bayer's request, Plaintiff has failed and refused to provide information sufficient for Bayer to evaluate Plaintiff's alleged injuries and damages.

### Thirty-Ninth Additional Defense

Bayer reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

### Jury Demand

Bayer demands a trial by jury of all issues so triable in this action.

WHEREFORE, Bayer requests that this Court dismiss Plaintiff's Complaint with prejudice, that judgment be entered in favor of Bayer and against Plaintiff with respect to all of Plaintiff's claims against Bayer, and that Bayer be awarded the costs of this action, together with such other and further relief as may be appropriate.

BAYER CORPORATION

By its attorneys,

Brian A. Davis (BBO No. 546462)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
Tele: 617-248-5000

Date:   April 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Bayer Corporation was served upon the following counsel of record by first class mail, postage prepaid, this 30th day of April, 2004:

Timothy P. O'Neill
Michael R. Perry
Theodore J. Folkman
HANIFY & KING, P.C.
One Beacon Street
Boston, MA 02018

Timothy C. Blank, Esq.
DECHERT, PRICE & RHOADS
Ten Post Office Square
Boston, MA 02109

Hope S. Freiwald, Esq.
Stephen P. McFate, Esq.
DECHERT, PRICE & RHOADS
1717 Arch Street
Philadelphia, PA 19103-2793

_____
Raymond A. O'Brien

3693871_1.DOC