UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS T. ZERVAS,<br><br>                           Plaintiff,<br>vs.<br><br>BAYER AG, BAYER CORP.,<br>GLAXOSMITHKLINE, PLC, and<br>SMITHKLINE BEECHAM CORP.,<br><br>                          Defendants. | Civ. A. No. 04 10396 MLW<br><br>*(Pending Transfer to In Re: Baycol Products Liability Litigation, MDL No. 1431 (D. Minn.))* |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT GLAXOSMITHKLINE PLC TO PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Defendant, GlaxoSmithKline plc (hereinafter "PLC") responds to the allegations of plaintiff's Complaint and Jury Trial Demand (hereinafter "Complaint") as set forth below.

### INTRODUCTORY STATEMENT

Plaintiff has sued PLC, among others, for damages allegedly arising out of his use of Baycol, a drug that plaintiff appears to allege PLC "marketed and distributed." In response, PLC affirmatively states that all of the allegations directed to PLC are denied, as PLC was not a party to any contract or agreement to promote Baycol in the United States or elsewhere, and did not engage in any of the conduct alleged in plaintiff's Complaint. Further, PLC expressly states that it has not engaged in any business activities in Massachusetts with regard to Baycol or otherwise that would subject it to personal jurisdiction in this Court.

### RESPONSE REGARDING THE PARTIES

1.    PLC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2-3.  The allegations of these paragraphs are directed to other defendants, and therefore require no response from PLC.

4.  PLC admits that it is a British public limited company headquartered in the United Kingdom. PLC specifically denies that it had any involvement with the matters alleged in plaintiff's Complaint.

5.  PLC admits that SmithKline Beecham d/b/a GlaxoSmithKline (hereinafter "GSK") is a Pennsylvania corporation with its headquarters in Pennsylvania.

## RESPONSE REGARDING JURISDICTION

6.  The allegations of this paragraph are legal conclusions and therefore require no response from PLC. PLC expressly states that it has not engaged in any business activities in Massachusetts with regard to Baycol or otherwise that would subject it to personal jurisdiction in this Court.

## RESPONSE TO ALLEGATIONS REGARDING THE FACTS

7-18.  To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are factual and are directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiff's Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege general scientific and medical principles or make general allegations based on documents or reports, PLC denies such allegations to the extent they are not supported by the current state of scientific or medical knowledge and/or are inconsistent with the referenced documents or reports, which, being in writing, speak for themselves. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding

plaintiff's conduct, Baycol use, or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. PLC admits that plaintiff alleges certain injuries and seeks recovery as described, but denies that plaintiff's claims for relief can or should be granted as a matter of law, and denies that PLC is in any way liable to plaintiff. Any remaining or inconsistent allegations directed to PLC are also denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT ONE
**(Breach of Implied Warranty of Merchantability)**

19. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

20-23. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are factual and are directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiff's Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiff's conduct, Baycol use, or state of mind, PLC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are also denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT TWO
**(Failure to Warn)**

24. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

25-28. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are factual and are directed to PLC, they are denied, as PLC was not a party to

the co-promotion agreement between Bayer and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiff's Complaint. Any remaining or inconsistent allegations directed to PLC are also denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT THREE
#### (Negligent Design)

29. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

30-32. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are factual and are directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiff's Complaint. Any remaining or inconsistent allegations directed to PLC are also denied.

### RESPONSE TO ALLEGATIONS REGARDING COUNT FOUR
#### (Violation of G.L. c. 93A, §§ 2 and 9)

33. PLC incorporates its responses to all preceding paragraphs as if fully set forth herein and further answers as follows:

34-38. To the extent the allegations of these paragraphs are legal conclusions and/or are directed to other defendants, they require no response from PLC. To the extent the allegations of these paragraphs are factual and are directed to PLC, they are denied, as PLC was not a party to the co-promotion agreement between Bayer and SmithKline Beecham Corporation regarding Baycol, and did not participate in the activities alleged in plaintiff's Complaint. To the extent the allegations of these paragraphs do not allege facts directed to any defendant, but rather allege facts regarding plaintiff's conduct, PLC is without knowledge or information sufficient to form a

belief as to their truth, and therefore denies them. Any remaining or inconsistent allegations directed to PLC are also denied.

## RESPONSE TO PRAYER FOR JUDGMENT

WHEREFORE, defendant PLC requests that this Court enter a judgment in its favor and against plaintiff, award PLC its costs and expenses incurred in this matter, and grant PLC such other relief as the Court may deem just and proper.

## JURY DEMAND

PLC demands a trial by jury of all issues so triable in this case.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over PLC.

2. PLC cannot be held liable for the alleged actions/omissions of GSK, a separate company.

3. Plaintiff's Complaint fails to state a claim against PLC in whole or in part upon which relief can be granted.

4. Plaintiff's claims have been improperly joined in a single lawsuit. The defendant requests severance of all improperly joined claims.

5. Venue is improper as to some or all of the claims herein.

6. Plaintiff's alleged injuries or damages, if any, were the result of preexisting or subsequent conditions unrelated to Baycol.

7. At all times material to plaintiff's allegations, PLC's conduct with respect to Baycol conformed to the state of the art.

8. Plaintiff's alleged injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of PLC or any defect attributable to Baycol, and plaintiff's claims are therefore barred.

9. Plaintiff's injuries, if any, were caused in whole or in part by the acts or omissions of others for whose conduct PLC is not responsible, and/or resulted from conditions unrelated to any conduct of PLC.

10. On information and belief, plaintiff's alleged injuries or damages, if any, were the result of misuse of Baycol.

11. Plaintiff's claims for breach of warranty are barred by the absence of privity of contract between plaintiff and PLC.

12. Adequate and complete warnings and instructions were provided with the subject product, and the subject product was neither defective nor unreasonably dangerous when used according to label instructions.

13. Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability §402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

14. On information and belief, the alleged injuries to the plaintiff, if any, were caused in whole or in part by the doctrine of contributory and/or comparative negligence. Plaintiff's damages, if any, must therefore be reduced proportionately or altogether barred.

15. Any express or implied warranties alleged to have been made by PLC were disclaimed.

16. On information and belief, plaintiff's damages are barred or reduced by the doctrine of assumption of risk.

17. On information and belief, plaintiff has failed to mitigate his damages.

18. On information and belief, plaintiff's damages are barred or reduced by the doctrine of avoidable consequences.

19. Plaintiff's claims are barred because GSK complied with the applicable statutes and with the requirements and regulations of the United States Food and Drug Administration ("FDA").

20. Plaintiff is barred from recovering against PLC because plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by applicable federal law, including the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq.

21. To the extent plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

22. Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction; the FDA is charged under the law with regulating prescription drugs, including Baycol, and is specifically charged with determining the content of warnings and labeling for prescription drugs.

23. Plaintiff's claims are barred by the applicable provisions of the Massachusetts Constitution.

24. Plaintiff's alleged injuries and damages may have been the result of an independent, intervening, and/or superseding cause. Any alleged action or alleged omission on the part of PLC was not the proximate cause of plaintiff's alleged damages.

25.    Plaintiff's claims are barred pursuant to the Sophisticated Use and/or Learned Intermediary Doctrine.

26.    Any recovery by plaintiff must be reduced or offset by amounts plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

27.    Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations or repose, or by operation of laches.

28.    Plaintiff's claims are barred because PLC did not owe any legal duty to plaintiff, or, if PLC did owe such a legal duty, PLC did not breach that duty.

29.    Some of plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States and/or the Constitution of the State of Massachusetts, and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

30.    There is no causal relationship between PLC or its activities described in the Complaint and any injuries or damages allegedly sustained by plaintiff.

31.    While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff has not satisfied the requirements under M.G.L. c. 93A § 9.

32.    Plaintiffs' demand letter to Defendants did not satisfy the requirements under M.G.L. c. 93A § 9.

33.    Plaintiffs' filed their Complaint containing their claims under M.G.L. c. 93A § 9 less than thirty (30) days after sending a purported demand letter to Defendants.

34.    While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because the representations,

actions and omissions alleged by plaintiff do not constitute deceptive acts or practices, and were not intended to deceive the plaintiff.

35.   While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovering attorneys fees or double or treble damages under M.G.L. c. 93A because PLC's alleged actions were not performed willfully or knowingly.

36.   While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because the representations, actions and omissions on which he relied did not occur primarily and substantially in the Commonwealth of Massachusetts.

37.   Applicable choice-of-law rules preclude the application of M.G.L. c. 93A to plaintiff's claims.

38.   While denying at all times that plaintiff has stated a valid claim under M.G.L. c. 93A, plaintiff is precluded from recovery under M.G.L. c. 93A because PLC's actions complied with all applicable federal and state laws.

39.   Any claim for punitive damages cannot be sustained because, under Massachusetts law, a jury verdict or a judgment awarding punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards that assure that the award of punitive damages is rational in its imposition and reasonable in amount, which violates PLC's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

40.   Consideration of any punitive damages in this civil action would violate the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by

allowing standardless discretion to the jury to determine punishment and by depriving PLC of prior notice of the consequences of its alleged acts.

41. Punitive damages are a punishment, a quasi-criminal sanction for which PLC has not been afforded the specific procedural safeguards prescribed in the Massachusetts Constitution and the Fifth and Sixth Amendments to the United States Constitution.

42. Any claim for punitive damages cannot be sustained because due process demands that the standard of liability for determining whether punitive damages are warranted requires that defendants have participated in intentionally malicious conduct or have actual knowledge of malicious conduct, and Massachusetts law does not provide such an instruction in violation of PLC's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

43. Any claim for punitive damages cannot be sustained because Massachusetts law permits the application of joint and several liability for punitive damages, which violates PLC's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Massachusetts.

44. With respect to plaintiff's demand for punitive damages, PLC specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of <u>BMW of North America v. Gore</u>, 116 U.S. 1589 (1996), <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S.Ct. 1513 (U.S. 2003).

45. PLC denies each and every allegation of the Complaint that is not specifically admitted herein.

46.    PLC adopts and incorporates by reference any and all affirmative defenses asserted by other defendants in this lawsuit to the extent such affirmative defenses are not raised herein and are consistent with the defenses raised by PLC.

47.    PLC hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, defendant PLC, having fully answered, requests that this Court enter a judgment in its favor and against plaintiff, and award PLC its costs and expenses, including attorneys' fees incurred in this matter, and grant such other relief as the Court may deem just and proper.

Dated: June 24, 2004

DECHERT LLP

By: _____
Timothy C. Blank (BBO No. 548670)
Amber R. Anderson (BBO No. 647566)

200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7116

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing Answer and Affirmative Defenses of Defendant GlaxoSmithKline plc to be served by first class mail, postage pre-paid upon the following:

> Timothy P. O'Neill
> HANIFY & KING, P.C.
> One Beacon Street
> Boston, MA 02018
>
> Attorney for Plaintiff
>
> Brian A. Davis
> CHOATE HALL & STEWART
> Exchange Place
> Boston, MA 02109 Attorney for Defendants Bayer Corporation and Bayer AG

This the 24th day of June, 2004.

_____
Amber R. Anderson